UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

**TERESA DESOTO**                    :        CASE NO.  1:22-cv-03650

**VERSUS**                           :        JUDGE DONALD E. WALTER

**STATE FARM FIRE & CASUALTY CO., ET AL.**   :        MAGISTRATE JUDGE KAY

## REPORT AND RECOMMENDATION

On March 2, 2023, defendants State Farm Fire & Casualty Co, State Farm General Insurance Co., and State Farm Mutual Automobile Insurance Co., filed a Motion to Dismiss seeking dismissal of this matter because, they claim, McClenny Moseley & Associates, PLLC ("MMA"), the law firm who filed suit on behalf of Teresa Desoto, never had the authority to do so. Doc. 17. Defendants have submitted the affidavit of Lisa Michele Deen, Claim Team Manager for all defendants, who states under oath that she has searched the records of all named defendants, and that Teresa Desoto informed defendants in writing on November 5, 2022, approximately two months after MMA filed this suit, that she was not represented by MMA or any other attorney and that she would like to communicate directly with State Farm. Doc. 17, att. 3, p. 3; *see also* doc. 17, att. 3, p. 21 (11/5/22 email correspondence). This matter is one of multiple matters filed by attorneys with the MMA firm. Courts in both the Western and Eastern Districts of Louisiana have found multiple irregularities in numerous cases filed by MMA.

Cameron Sean Snowden, who was employed by MMA at the time this action commenced and has since resigned,[1] was signatory to this complaint and to numerous other complaints against

---

[1] *See* doc. 29.

- 1 -

defendants herein that prompted defendants to move for dismissal on the same basis as asserted in this matter—that MMA lacked authority to file a lawsuit on behalf of the named plaintiff. Doc. 1. After determining that sanctions could be in order under Fed. R. Civ. P. Rule 11(b)(2) or Rule 11(b)(3) if the allegations of defendants' motions proved true, the court *sua sponte* ordered Mr. Snowden to appear and show cause on May 12, 2023, why he should not be sanctioned for filing this lawsuit. Doc. 27. The court also ordered that plaintiff personally appear to help the court understand how respondent could have filed this lawsuit on behalf of an individual MMA never represented if, in fact, that is the case. *Id.* Teresa Desoto did appear in court on May 12, 2023, where she indicated that she wished to dismiss this suit. She therefore signed a voluntary motion to dismiss [doc. 31] in open court, and the court verified her identity by checking her driver's license. The undersigned recommends that the district judge grant plaintiff's motion and dismiss the matter without prejudice.

At hearing on May 12, 2023, Mr. Snowden appeared and was not able to show cause why he should not be sanctioned. Having reviewed Mr. Snowden's sworn statement concerning this matter, attached hereto, the related declaration of MMA principal Zach Moseley, and the file materials attached to the latter, attached hereto under seal, and having examined respondent at hearing, the court recommends that he be sanctioned in the amount of $250, to be deposited with the court, for violation of his obligations under Rule 11. Specifically, the undersigned finds, and recommends that the district judge find, that respondent—by his own admission—failed to make personal contact with Teresa Desoto in advance of filing the complaint, failed to review the limited information on file concerning Teresa Desoto, and thereby failed to make "an inquiry reasonable under the circumstances" that "the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further

investigation or discovery." Fed. R. Civ. P. 11(b)(2). The undersigned further finds and recommends that the district judge find that the amount of time that passed between the intake of the client information on April 1, 2022, and the date the complaint was filed on August 24, 2022, left MMA and respondent ample time to confirm the veracity of the allegations of the complaint, and that no such effort was made. These findings are not intended as an adjudication on the merits of this matter and are merely an assessment of the respondent's efforts to fulfill his obligations under Rule 11 of the Federal Rules of Civil Procedure.

For the foregoing reasons, **IT IS RECOMMENDED** that Teresa Desoto's voluntary Motion to Dismiss Without Prejudice [doc. 31] be **GRANTED** and that this matter be **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that Cameron Sean Snowden be sanctioned in the amount of $250, to be deposited with the court, and that Mr. Snowden complete this payment by December 1, 2023. The clerk is directed to mail a copy of this Report and Recommendation to plaintiff at the address provided by MMA and on file with the court.

Under the provisions of 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil Procedure, parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglas v. United States Automobile Ass'n.*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 22nd day of May, 2023.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE